**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**JAMES FISHER,**

        Plaintiff,

        v.                                             No: 3:07-cv-645-J-16TEM

**CARLA DOBBS,**

        Defendant.
_____/

**O R D E R**

Before the Court is Plaintiff's Complaint (Dkt #1), Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Dkt #2) and Plaintiff's Motion for Warrant (Dkt #3, #4, #6 #10).

Under 28 U.S.C. § 1915(a), courts may permit a litigant to proceed *in forma pauperis* if the litigant avers in an affidavit that he or she is unable to bear the fees and costs concomitant with a lawsuit. As recognized by the United States Supreme Court, "a litigant whose filing fees and court courts are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Thus, the Court is empowered with the discretion to dismiss the action, *sua sponte*, if it is frivolous or malicious. See *id*. A suit "is frivolous where it lacks an arguable basis either in law or in fact." *Id*. at 325. Dismissal of a complaint pursuant to this principle should be ordered only if the complaint relies on clearly meritless legal theories, see *id* at 327, or where the facts asserted therein "are 'clearly baseless'". Denton v Hernandez, 504 U.S. 25, 32 (1932) (quoting Neitzke, 490 U.S. at 327).

After a review of the complaint and all accompanying documents, the Court finds that the allegations contained in the Complaint to be frivolous as defined herein. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's <u>Motion for Leave to Proceed *In Forma Pauperis*</u> (Dkt #2) is **DENIED** and this case is **DISMISSED**.

The Court notes that Plaintiff has filed over 29 cases with this Court since 2000, 8 of which have been in 2007. All of the cases were dismissed shortly after filing due to denial of Plaintiff's <u>Motion for Leave to Proceed *In Forma Pauperis*</u>, for failure to file an Amended Complaint, or for failure or lack of prosecution. Mr. Fisher has utilized a substantial amount of the valuable and limited resources of the Clerk's Office. Additionally, the Complaints in all 29 cases have been hand written, which in and of itself is not a problem. However, in the most recent filings, the handwriting has become nothing more than rambling scribbles that make the Complaints nearly incoherent.

It is this Court's duty to ensure that litigants proceed responsibly and do not abuse the judicial process. Therefore, this Court will not entertain any further illegible Complaints. Such a utilization of time is not in the interest of justice. The Court's energies and the Clerk's efforts must be directed toward the expeditious resolution of meritorious cases that deserve the time of the Court and the Clerk's Office. Plaintiff is advised that any further complaints or documents filed must be written legibly and coherently or will face dismissal without further notice.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, this <u>25th</u> day of September, 2007.

JOHN H. MOORE II
United States District Judge

Copies to:
    Counsel of Record
    Pro Se Party